UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN GARCIA-QUIROS,<br><br>        Plaintiff,<br><br>v.<br><br>WARDEN et al.,<br><br>        Defendants. | Case No. 5:26-cv-00439-SB-ADS<br><br><br>ORDER GRANTING EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AS SUBSTANTIVELY UNOPPOSED [DKT. NO. 1] |

The Court previously issued an emergency order on January 31, 2026 enjoining Respondents from removing Petitioner Ivan Garcia-Quiros from the United States pending the resolution of his application for a temporary restraining order (TRO).  Dkt. No. 3.  Petitioner promptly served both the emergency stay order and the TRO application on the government.  Dkt. No. 4.  He subsequently filed the petition for habeas corpus, reiterating his request for release in the TRO application but acknowledging that "this Court can resolve Petitioner's motion either by ordering his immediate release or by directing Respondent to provide him with a bond hearing before an immigration judge."  Dkt. No. 9 ¶ 86.

On February 12, 2026,[1] the Court ordered the government to respond to the TRO application by February 13 at 5:00 p.m. and warned it that "[f]ailure to timely respond will be construed as consent to granting the TRO application as unopposed."  Dkt. No. 12.  The government failed to timely oppose the TRO application.  The Court therefore grants it as unopposed and orders as follows:

_____

[1] In the interim between the emergency stay order and the Court's February 12 order, the case was mistakenly transferred to another court in this district.  The case was transferred back to this Court on February 12.

1. Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge within seven days to determine whether he presents a flight risk or danger to the community.

2. Respondents are enjoined from removing Petitioner to a third country in violation of applicable federal law, including the Immigration and Nationality Act, its implementing regulations, and due process. *See, e.g*, 8 U.S.C. §§ 1231(b)(2)–(3); 8 C.F.R. §§ 1240.10(f), 1240.11(c), 1240.12(d); *see also Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process.").

3. By 10:00 a.m. on March 2, 2026, Petitioner shall file a request for dismissal or show cause at a hearing on March 6, 2026, at 8:30 a.m. in Courtroom 6C, why dismissal should not be ordered in light of the relief given. Absent dismissal by March 2, Petitioner shall file a written response to the show-cause order by 10:00 a.m. on March 2, and both parties shall appear at the March 6 hearing. Petitioner's failure to timely respond to this order will be construed as consent to dismiss the petition and close the case.

4. The previous emergency injunction (Dkt. No. 3) is lifted.

Date: February 18, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge