UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN GARCIA-QUIROS,<br><br>   Plaintiff,<br><br>v.<br><br>WARDEN et al.,<br><br>   Defendants. | Case No. 5:26-cv-00439-SB-ADS<br><br>ORDER GRANTING PERMANENT INJUNCTION |

  The Court granted in part Petitioner's ex parte application for a temporary restraining order (TRO) and ordered a bond hearing on February 18, 2026. Dkt. No. 14. The TRO also required Petitioner to show cause at a hearing on March 6 why dismissal should not be ordered in light of the relief given. *Id.* Following the March 6 hearing, the parties agreed to expedited consideration of the underlying habeas corpus petition. *See* Fed. R. Civ. P. 65(a)(2). As directed, the parties met and conferred and provided proposed language for a permanent injunction. Dkt. No. 18. Although the government maintains that the petition is moot, the parties submitted on the Court's tentative order to grant permanent relief. The Court finds that the grant of a temporary restraining order does not render the petition moot because Petitioner seeks broader, permanent relief. At the hearing, the government stated that it had "no position" on whether a release order would be appropriate, which the Court construes as nonopposition.

  The Court therefore vacates the March 13 hearing and orders as follows:

1. Respondents shall immediately release Petitioner from custody.

2. Respondents shall not remove Petitioner to a third country without written notice to Petitioner in a language the Petitioner can understand. Following notice, Petitioner must be given a meaningful opportunity, and a minimum of ten (10) days to raise a fear-based claim for protection under the Convention Against Torture prior to removal. If Petitioner

1

demonstrates "reasonable fear" of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings. If Petitioner is not found to have demonstrated a "reasonable fear" of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days, for Petitioner to seek reopening of his immigration proceedings.

3. Respondents are enjoined and restrained from re-detaining Petitioner absent any of the following: (a) Petitioner's violation of his conditions of release pursuant to 8 C.F.R. § 241.13(i)(1); (b) a showing of changed circumstances under 8 C.F.R. § 241.13(i)(2) considering all the facts of the case including the factors set forth in 8 C.F.R. § 241.13(f); or (c) a determination by an authorized official that any of the conditions of 8 C.F.R. § 241.4(1)(2) are satisfied.

A final judgment will be separately filed. The clerk is directed to close the case.

Date: March 10, 2026

                                                Stanley Blumenfeld, Jr.
                                                United States District Judge